IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DELTON HINES,

    Plaintiff,
v.                                              CASE NO. 1:07-cv-00050-MP-AK

J CURT INC,

    Defendant.
_____/

# **O R D E R**

This matter is before the Court on the following motions:

- Doc. 76, Motion for Sanctions for Spoliation of Evidence
- Doc. 81, Motion for extension of time to file a response to doc. 76.
- Doc. 82 Motion to Strike Affidavit of Robert Fuller.
- Doc. 84, Motion to Strike Defendant's Response
- Doc. 85, Motion for Joinder
- Doc. 90, Motion to Strike Opt-in Plaintiffs White and Bryant
- Doc. 91, Motion for Discovery to Depose All Opt-In Plaintiffs
- Doc. 99, Motion for Leave to File Affidavit of Juliet Rippy
- Doc. 100, Emergency Motion for Protective Order

A hearing on all pending motions was held on April 30, 2008, doc. 103, at which some of the above issues were discussed. The motion for sanctions for the spoliation of evidence, doc. 76, is denied. Plaintiff seeks to sanction the defendant for failing to retain certain time records for a time period before filing the instant lawsuit. Plaintiff thus essentially argues that Defendant should have guessed that the instant lawsuit would be filed and should have taken on a duty to preserve certain records sua sponte. Defendant had no such duty, and therefore no spoliation of evidence occurred. The motion at doc. 76 is therefore denied.

With regard to the Motion for extension of time, doc. 81, the motion is granted nunc pro tunc. Thus, the motion to strike, doc. 84, which is based on the lack of such an extension, is

denied.  The motion to strike the affidavit of Robert Fuller (doc. 82) is denied, as Mr. Fuller is qualified to testify about the general computer issues he discusses.  The Court recognizes the speculative nature of Mr. Fuller's conclusions, however, and has weighed that in considering them.

The motion for joinder at doc. 85, is premature.  The Court already certified this as a collective action and allowed the sending of notice to the potential claimants.  The Court agrees with Defendant that the proper time to consider the status of each Opt-in in this case is after discover is completed.  Accordingly, the motion at doc. 85 is denied.

The motion to strike two Opt-ins whose forms were not sent within the 90 days agreed to by the parties is denied.  Although the Court agrees that they were filed beyond the 90 day period, the Court finds no prejudice to the Defendant in allowing them to opt in late.  Accordingly, the motion to strike them (doc. 90) is denied.

Doc. 91, the motion to depose each opt-in Plaintiff, is granted.  While it is true that Defendant has not yet exceeded the 10 deposition limit, this motion is not premature since we know that there are around 16-18 opt ins.  The Defendant is warned, however, to heed Fed. R. Civ. P. 26(b)(2)(C) and avoid allowing the depositions to become unreasonably cumulative or duplicative.  Much of the information such as the day-to-day operation of the McDonalds or the punch in procedure will be identical for each witness, and Defendant is under a duty to avoid unnecessarily extending each deposition by replowing already tilled ground.

The majority of the affidavit of Juliet Rippy (attachment A to doc. 99) should be stricken as a combination of hearsay and attempted expert testimony by a lay witness.  In the affidavit, Ms. Rippy claims that while working a night shift, she observed the night manager receive a call

from owner Curtis Paris. The night manager then told Ms. Rippy various instructions that Mr. Paris allegedly gave. Also, Ms. Rippy indicated that the night manager showed her a computer screen and explained that Mr. Paris had deducted 30 minute timeframes from his computer at home. The statements of the night manager when she told Ms. Rippy what Mr. Paris said, and the other statements of the night manager, are hearsay in Ms. Rippy's affidavit, and should be stricken.[1] Also, Ms. Rippy's conclusion after viewing the computer screen that the punch-in computer must be in a network is stricken. It is not Ms. Rippy's personal knowledge and represents an attempt at expert opinion regarding computer networks. Thus, the motion for leave to file the affidavit of Ms. Rippy is granted, but the Court has only considered the parts that were not stricken above.

The Emergency Motion for protective order, doc. 100, which addressed depositions scheduled for May 1, 2008, is denied as moot. However, the parties should work together - without the need for Court intervention - to reschedule any depositions where the deponent could not appear because of the problem in faxing over notice described in Doc. 100.

**DONE AND ORDERED** this  *16th*  day of June, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

---

[1] While the statements of Mr. Paris might be considered the statements of a party opponent, Ms. Rippy did not hear them herself. She would have to testify about what the night manager told her about the statements. The night manager's out-of-court statements about what Mr. Paris said would still be hearsay.

*Case No: 1:07-cv-00050-MP-AK*